IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WALEED SAEED BN SAEED ZAID,<br> *et al.*,<br><br>  Petitioners,<br><br>v.<br><br>GEORGE W. BUSH,<br> President of the United States,<br> *et al.*,<br><br>  Respondents. | Civil Action No. 05-CV-1646 (JDB) |

**RESPONDENTS' REPLY MEMORANDUM IN SUPPORT OF
MOTION TO STAY PROCEEDINGS PENDING RELATED APPEALS
AND FOR CONTINUED COORDINATION**

 Respondents hereby submit this reply memorandum in support of their motion to stay proceedings pending related appeals and for continued coordination in the above-captioned case.

**ARGUMENT**

**I. The Court Has the Authority to Grant a Stay at This Stage of the Proceedings.**

 Petitioners argue that a stay of proceedings at this stage of the litigation is premature and contrary to the terms of the habeas statute.[1] See Pets Opp. at 2-3. This is without any basis in

---

[1] Petitioners also contend that a stay would violate their "rights" to a speedy trial pursuant to Article 10 of the Uniform Code of Military Justice ("UCMJ") and prompt review of detention pursuant to Article 103 of the Third Geneva Convention. See Pets Opp. at 3. Neither provision provides petitioner any basis for relief. Article 10 of the UCMJ applies to courts-martial, and does not constrain the Executive's authority to detain enemy combatants or to review of such detention. See 10 U.S.C. § 810; § 821 ("The provisions of this chapter conferring jurisdiction upon courts-martial do not deprive military commissions . . . of concurrent jurisdiction with respect to offenders or offenses that by statute or by the law of war may be tried by military commissions."). Similarly, Article 103 of the Third Geneva Convention sets forth guidelines regarding the detention of prisoners of war awaiting trial for criminal violations, which have no bearing on the Court's broad discretion to manage a habeas proceeding filed by an

law.  There is nothing in the habeas statute that constrains the Court's broad authority to provide for an orderly schedule and otherwise manage habeas proceedings to further an efficient expenditure of litigation resources.  Indeed, pursuant to the Rules Governing Section 2254 Cases in the United States District Courts (the "2254 Rules"),[2] a court may extend the deadline for responses to habeas petitions beyond the time limits set forth in 28 U.S.C. § 2243 — the 2254 Rules do not indicate a fixed deadline for responding to habeas petitions, and they supersede the time limits set forth in 28 U.S.C. § 2243.  Rule 4 provides that the judge shall "order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order."  See also Bleitner v. Welborn, 15 F.3d 652, 653-54 (7th Cir. 1994) ("[T]he Rules Governing Section 2254 Cases in the United States District Courts, which have the force of a superseding statute, 28 U.S.C. § 2072(b) . . . loosened up the deadline for responses.  Rule 4 leaves it up to the district court to fix the deadline."); Castillo v. Pratt, 162 F. Supp. 2d 575, 577

---

enemy combatant.  See Geneva Convention Relative to the Treatment of Prisoners of War of Aug. 12, 1949, 6 U.S.T. 3316, Art. 103 (referring to "judicial investigations relating to a prisoner of war" and "confinement awaiting trial").

[2]   The 2254 Rules are applicable to petitions for writ of habeas corpus other than those arising under 28 U.S.C. § 2254, such as the petitions in these cases.  See 2254 Rule 1(b) ("In applications for habeas corpus in cases not covered by subdivision (a) [involving persons in state custody], these rules may be applied at the discretion of the United States district court."); Castillo v. Pratt, 162 F. Supp. 2d 575, 577 (N.D. Tex. 2001) ("The Supreme Court intended the 2254 Rules to apply to petitions filed under § 2241."); Ukawabutu v. Morton, 997 F. Supp. 605, 608 n.2 (D.N.J. 1998) (The 2254 Rules "apply to petitions filed pursuant to 28 U.S.C. § 2241 as well as 28 U.S.C. § 2254."); Wyant v. Edwards, 952 F. Supp. 348, 352 (S.D. W.Va. 1997) ("[T]he Court has concluded that the § 2254 Rules were intended to apply to § 2241 cases . . ."); Hudson v. Helman, 948 F. Supp. 810, 811 (C.D. Ill. 1996) ("Thus, while the instant Petition is brought pursuant to 28 U.S.C. § 2241, not 28 U.S.C. § 2254, and involves a prisoner in federal custody, the Rules Governing Section 2254 Cases may still be applied here."); Kramer v. Jenkins, 108 F.R.D. 429, 431 (N.D. Ill. 1985) ("[A]lthough [petitioner's] petition is under section 2241, and not section 2254, the court may properly apply Rule 4 of the 2254 Rules.").  Petitioners have presented no authority to the contrary.

(N.D. Tex. 2001) (denying § 2241 petitioner's request for expedited consideration because "[t]he discretion afforded by Rule 4 of the 2254 Rules "prevails" over the strict time limits of 28 U.S.C. § 2243"); Kramer v. Jenkins, 108 F.R.D. 429, 431 (N.D. Ill. 1985) (denying § 2241 petitioner's motion for correction of court scheduling order because "in the conflict between Rule 4 of the 2254 Rules and 28 U.S.C. § 2243, Rule 4 must prevail").  Furthermore, the 2254 Rules have provided courts with the discretion to consider the burdens involved in filing responses to habeas petitions when implementing case management schedules.  See Advisory Committee Notes to 2254 Rules; see also Lonchar v. Thomas, 517 U.S. 314, 325 (1996) (stating that the 2254 Rules confer "ample discretionary authority" on district courts "to tailor the proceedings" in habeas cases).  Thus, this Court has the authority to grant a stay of proceedings at this juncture.  See Landis v. North American Co., 299 U.S. 248, 254-55 (1936) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); id. at 256 (noting propriety of stay in cases "of extraordinary public moment").

**II.    A Stay of Proceedings Is Appropriate.**

There is no dispute that the resolution of the appeals of the decisions of Judges Leon and Green in Khalid v. Bush, Nos. 04-CV-1142 (RJL), 355 F. Supp.2d 311 (D.D.C. 2005), appeals docketed, Nos. 05-5062, 05-5063 (D.C. Cir. Mar. 2, 2005), and In re Guantanamo Detainee Cases, 355 F. Supp.2d 443 (D.D.C. 2005), petition for interlocutory appeal granted, No. 05-8003 (D.C. Cir. Mar. 10, 2005), will address the core issues in these important cases and, thus,

determine how these cases should proceed, if at all.[3]  Thus, it would be a wasteful expenditure of resources to proceed with litigation regarding the alleged rights of detainees at Guantanamo Bay when the law governing any such rights is presently in dispute and will be resolved by the Court of Appeals on an expedited basis.  Several Judges of this Court, including Your Honor, have already recognized as much, and generally stayed proceedings in Guantanamo detainee habeas cases pending before them.[4]  To ensure continued coordination of all the Guantanamo detainee

---

[3] Oral Argument before the D.C. Circuit in these cases was held scheduled on September 8, 2005.

[4] See, e.g. Mangut v. Bush, No. 05-CV-1008 (JDB) (dkt. no. 2); Salaam v. Bush, No. 05-CV-1013 (JDB) (dkt. no. 2);  Al Mohammed v. Bush, No. 05-CV-0247 (HHK) (dkt. no. 18); El-Mashad v. Bush, No. 05-CV-0270 (JR) (dkt. no. 29); Al-Adahi v. Bush, No. 05-CV-0280 (GK) (dkt. no. 35); Al Joudi v. Bush, No. 05-CV-0301 (GK) (dkt. no. 26); Al-Wazan v. Bush, No. 05-CV-0329 (PLF) (dkt. no. 15); Al-Anazi v. Bush, No. 05-CV-0345 (JDB) (dkt. no. 21); Alhami v. Bush, No. 05-CV-0359 (GK) (dkt. no. 20); Ameziane v. Bush, No. 05-CV-0392 (ESH) (dkt. no. 12); Sliti v. Bush, No. 05-CV-0429 (RJL) (dkt. no. 8); M.C. v. Bush, No. 05-CV-0430 (ESH) (dkt. no. 10); Kabir v. Bush, No. 05-CV-0431 (RJL) (dkt. no. 10); Qayed v. Bush, No. 05-CV-0454 (RMU) (dkt. no. 4); Al-Shihry v. Bush, No. 05-CV-0490 (PLF) (dkt. no. 14); Aziz v. Bush, No. 05-CV-492 (JR) (dkt. no. 16); Qassim v. Bush, No. 05-CV-0497 (JR) (dkt. no. 14); Al-Oshan v. Bush, No. 05-CV-0520 (RMU) (dkt. no. 12); Tumani v. Bush, No. 05-CV-0526 (RMU) (dkt. no. 5); Al-Oshan v. Bush, No. 05-CV-0533 (RJL) (dkt. no. 6); Al Shamri v. Bush, No. 05-CV-0551 (RWR) (dkt. no. 10); Salahi v. Bush, No. 05-CV-0569 (JR) (dkt. no. 8); Mammar v. Bush, No. 05-CV-0573 (RJL) (dkt. no. 5); Al-Sharekh v. Bush, No. 05-CV-0583 (RJL) (dkt. no. 9); Magram v. Bush, No. 05-CV-0584 (CKK) (dkt. no. 9); Al Rashaidan v. Bush, No. 05-CV-0586 (RWR) (dkt. no. 10); Mokit v. Bush, No. 05-CV-0621 (PLF) (dkt. no. 13); Al Daini v. Bush, No. 05-CV-0634 (RWR) (dkt. no. 10); Ahmed v. Bush, No. 05-CV-0665 (RWR) (dkt. no. 16); Battayav v. Bush, No. 05-CV-0714 (RBW) (dkt. no. 12); Adem v. Bush, No. 05-CV-0723 (RWR) (dkt. no. 13); Hamlily v. Bush, No. 05-CV-0763 (JDB) (dkt. no. 10); Imran v. Bush, No. 05-CV-0764 (CKK) (dkt. no. 6); Hamamy v. Bush, No. 05-CV-0766 (RJL) (dkt. no. 6); Hamoodah v. Bush, No. 05-CV-0795 (RJL) (dkt. no. 13); Rahmattullah v. Bush, No. 05-CV-0878 (CKK) (dkt. no. 3); Nasrat v. Bush, No. 05-CV-0880 (ESH) (dkt. no. 4); Slahi v. Bush, No. 05-CV-0881 (RWR) (dkt. no. 5); Chaman v. Bush, No. 05-CV-0887 (RWR) (dkt. no. 7); Gul v. Bush, No. 05-CV-0888 (CKK) (dkt. no. 3); Basardh v. Bush, No. 05-CV-0889 (ESH) (dkt. no. 4); Shaaban v. Bush, No. 05-CV-0892 (CKK) (dkt. no. 3); Tohirjanovich v. Bush, No. 05-CV-0994 (JDB) (dkt. no. 4); Al-Khalaqi v. Bush, No. 05-CV-0999 (RBW) (dkt. no. 3); Kahn v. Bush, No. 05-CV-1001 (ESH) (dkt. no. 3).

habeas cases, proceedings in the above-captioned cases should also be stayed pending the resolution of the appeals of <u>Khalid, et al.</u> and <u>In re Guantanamo Detainee Cases</u>.[5]

Petitioners' dismissive treatment of the needless expenditure of judicial and litigation resources that would result from additional proceedings in these cases, including the submission of factual returns, ignores the cascade effect that would follow from not staying the cases. Presently, there are approximately 155 habeas cases pending on behalf of well over 250 detainees at Guantanamo Bay; the majority of those cases and petitioners were not subject to the decisions of Judges Leon and Green in <u>Khalid,, et al.</u> and <u>In re Guantanamo Detainee Cases</u>.  A decision to allow proceedings or submission of factual returns to go forward pending the resolution of the appeals could precipitate a chain reaction — the scores of petitioners in other pending and future Guantanamo Bay detainee habeas cases, seeking parity of treatment, would request the Court to allow additional proceedings or access to factual returns in those cases, perhaps even by lifting or modifying stays that have already been entered.  This scenario is exactly what Judge Green aimed to avoid when she denied petitioners' motion to reconsider her order granting a stay pending appeal "in light of the substantial resources that would be expended and the significant burdens that would be incurred should this litigation go forward." <u>See</u> Order Denying Motion for Reconsideration of Order Granting Stay Pending Appeal in <u>In re Guantanamo Detainee Cases</u> (Feb. 7, 2005) (Green, J.).  Indeed, any proceedings in these cases that are permitted to go forward very likely would need to be revisited or relitigated, and may be shown to have been altogether unnecessary, once the Court of Appeals provides guidance regarding handling of the

---

[5] The Court presumably would retain discretion to modify a stay of proceedings in a particular case should circumstances arise truly warranting a lifting of the stay.

habeas claims of Guantanamo Bay detainees such as petitioners. Thus, in the interest of efficiency of judicial and litigation resources, as well as to minimize administrative burdens, this Court should hold proceedings in the above-captioned cases in abeyance pending the outcome of the appeals of the decisions by Judges of this Court in the other Guantanamo Bay detainee cases.

In contrast to the obvious and tangible burdens of proceeding with these cases while the D.C. Circuit considers the appeals in In re Guantanamo Detainee Cases and Khalid, petitioners point to nothing more than generalized, non-detainee-specific allegations, based on media accounts, regarding alleged mistreatment of detainees, in the past, at Guantanamo Bay. See Pets' Opp. at 4-5. Additionally, as explained previously, to the extent petitioners' have alleged concerns about such harm, the entry of a stay presumably would not deprive the Court of jurisdiction or discretion to modify the stay should circumstances arise truly warranting it.

In addition petitioners unfairly dismiss the fact that "the law in this Circuit is unsettled." Al-Marri v. Bush, No. 04-CV-2035 (GK) (dkt. no. 26). See Pets' Opp. at 5. Petitioners' argue the case should not be stayed at this time because the Guantanamo Bay cases might eventually be appealed to the United States Supreme Court after a decision in the D.C. Circuit Court of Appeals. Id. at 5. Despite that possibility, it simply makes no sense to proceed with the merits of the above-captioned cases when the core issues they present will be resolved by the Court of Appeals on an expedited basis and appeal to the Supreme Court is speculative at this juncture.

In the event the stay in this case is modified to allow the submission of factual returns, however, it could only be done pursuant to a coordinated and reasonable schedule, taking account of the fact that petitioners in all the recently filed cases are seeking factual returns and given the

logistical burdens posed by an undertaking to produce returns in the cases.[6] Though the submission of factual returns should not go forward at all, a schedule for any such undertaking should be no more restrictive than is necessary; for example, a schedule for the rolling production of factual returns in these (and potentially other) cases over anything less than the next 10 to 12 weeks would be unreasonable. See e.g., Al-Anazi, No. 05-CV-0345 (JDB) (dkt. no. 21) (imposing 120-day schedule); Al-Joudi, No. 05-301 (GK) (dkt. no. 26) (imposing 90-day schedule); Al-Adahi, No. 05-280 (GK) (dkt. no. 35) (imposing 90-day schedule); Ameziane, No. 05-CV-392 (ESH) (dkt. no. 12) (imposing 90-day schedule); Qayed, No. 05-CV-0454 (RMU) (dkt. no. 5) (imposing 90-day schedule); Battayav, No. 05-CV-0714 (RBW) (dkt. no. 12) (imposing 120-day schedule).

## CONCLUSION

For the reasons stated in respondents' motion to stay proceedings pending related appeals and for continued coordination, and in this supporting reply memorandum, this Court should stay further proceedings in the above-captioned cases pending the appeals of Judge Leon's decision in Khalid, et al. and Judge Green's January 31, 2005 decision in In re Guantanamo Detainee Cases

---

[6] To the extent petitioners' opposition seeks production of factual returns in less than 10-12 weeks, that request, if granted, would result in an unnecessary logistical burden for respondents. See, Opp. at 11. Each factual return must be obtained from the Department of Defense ("DoD"), and then reviewed by agencies who provided source information to DoD to ensure that information disclosed to counsel in the returns is in accordance with all applicable statutes, regulations and Executive Orders. Respondents must then prepare both public and classified versions of the factual returns for submission to the Court and counsel. Further, submission of these returns will increase the risks of inadvertent or other disclosure or compromise of classified information. Given that the D.C. Circuit will be considering the proper scope of these proceedings, including whether the claims of petitioners can be dismissed without reference to specific factual returns for petitioners, it there is no justification to incur substantial burdens on government resources and increase the risk to national security by providing petitioners' counsel access to factual returns which may ultimately prove unnecessary.

and deny petitioners' requested conditions on such a stay.

Dated: October 5, 2005                    Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

KENNETH L. WAINSTEIN
United States Attorney

DOUGLAS N. LETTER
Terrorism Litigation Counsel

   /s/ James J. Schwartz
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
TERRY M. HENRY
JAMES J. SCHWARTZ (D.C. Bar No. 468625)
PREEYA M. NORONHA
ROBERT J. KATERBERG
NICHOLAS J. PATTERSON
ANDREW I. WARDEN
EDWARD H. WHITE
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.  Room 7310
Washington, DC  20530
Tel:  (202)616-8267
Fax:  (202) 616-8202

Attorneys for Respondents