IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WALID SAID BIN SAID ZAID,<br><br>　　　　Petitioner,<br><br>v.<br><br>GEORGE W. BUSH, *et al.*,<br><br>　　　　Respondents. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 05-1646 (JDB)<br>)<br>)<br>)<br>)<br>) |

### DECLARATION OF TERESA A. McPALMER

Pursuant to 28 U.S.C. § 1746, I, Commander Teresa A. McPalmer, Judge Advocate General's Corps, United States Navy, hereby state that to the best of my knowledge, information, and belief, the following is true, accurate and correct:

　　　　1.　　I am the Legal Advisor to the Office for the Administrative Review of the Detention of Enemy Combatants at U.S. Naval Base Guantanamo Bay, Cuba (OARDEC). In that capacity I am an advisor to the Director, Combatant Status Review Tribunals.

　　　　2.　　I hereby certify that the documents attached hereto constitute a true and accurate copy of the portions of the record of proceedings before the Combatant Status Review Tribunal related to petitioner Walid Said Bin Said Zaid that are suitable for public release. The portions of the record that are classified or considered law enforcement sensitive are not attached hereto or were redacted by an OARDEC staff member. This staff member also redacted information that would personally identify certain U.S. Government personnel in order to protect the personal privacy and security of those individuals.

　　　　I declare under penalty of perjury that the foregoing is true and correct.

Dated: 16 February 2006

　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　Teresa A. McPalmer
　　　　　　　　　　　　　　　　　　　　　　　　　　　CDR, JAGC, U. S. Navy



# Department of Defense
## Director, Combatant Status Review Tribunals

OARDEC/Ser: 790

29 JAN 2005

FOR OFFICIAL USE ONLY

From: Director, Combatant Status Review Tribunal

Subj: **REVIEW OF COMBATANT STATUS REVIEW TRIBUNAL FOR DETAINEE ISN # 550**

Ref: (a) Deputy Secretary of Defense Order of 7 July 2004
(b) Secretary of the Navy Order of 29 July 2004

1. I concur in the decision of the Combatant Status Review Tribunal that Detainee ISN #550 meets the criteria for designation as an Enemy Combatant, in accordance with references (a) and (b).

2. This case is now considered final and the detainee will be scheduled for an Administrative Review Board.

J. M. McGARRAH
RADM, CEC, USN

Distribution:
NSC (Mr. John Bellinger)
DoS (Ambassador Prosper)
DASD-DA
JCS (J5)
SOUTHCOM (CoS)
COMJTFGTMO
OARDEC (Fwd)
CITF Ft Belvoir

FOR OFFICIAL USE ONLY



Department of Defense
Director, Combatant Status Review Tribunals

4 Oct 04

From: Director, Combatant Status Review Tribunals

Subj: APPOINTMENT OF COMBATANT STATUS REVIEW TRIBUNAL #13

Ref: (a) Convening Authority Appointment Letter of 9 July 2004

By the authority given to me in reference (a), a Combatant Status Review Tribunal established by "Implementation of Combatant Status Review Tribunal Procedures for Enemy Combatants Detained at Guantanamo Bay Naval Base, Cuba" dated 29 July 2004 is hereby convened. It shall hear such cases as shall be brought before it without further action of referral or otherwise.

The following commissioned officers shall serve as members of the Tribunal:

MEMBERS:

███████████████, Colonel, U.S. Army; President

███████████████, Commander, JAGC, U.S. Naval Reserve; Member (JAG)

███████████████, Commander, U.S. Navy; Member

J. M. McGARRAH
Rear Admiral
Civil Engineer Corps
United States Navy

MEMORANDUM                                                                                18 Jan 05

From: Assistant Legal Advisor
To:   Director, Combatant Status Review Tribunal
Via:  Legal Advisor

Subj: LEGAL SUFFICIENCY REVIEW OF COMBATANT STATUS REVIEW TRIBUNAL FOR DETAINEE ISN # 550

Ref:  (a) Deputy Secretary of Defense Order of 7 July 2004
      (b) Secretary of the Navy Implementation Directive of 29 July 2004

Encl: (1) Appointing Order for Tribunal #13 of 4 October 2004
      (2) Record of Tribunal Proceedings

1. Legal sufficiency review has been completed on the subject Combatant Status Review Tribunal in accordance with references (a) and (b). After reviewing the record of the Tribunal, I find that:

   a. The detainee was properly notified of the Tribunal process and voluntarily elected not to participate. *See* exhibit D-a. The detainee prepared, with the assistance of his Personal Representative, an unsworn statement in response to the unclassified. *See* exhibit D-b. The Tribunal considered exhibits D-a and D-b in its deliberations.

   b. The Tribunal was properly convened and constituted by enclosure (1).

   c. The Tribunal substantially complied with all provisions of references (a) and (b). Note that some information in exhibit R-4 was redacted. The FBI properly certified in exhibit R-2 that the redacted information would not support a determination that the detainee is not an enemy combatant.

   d. The detainee did not request that any witnesses or evidence be produced.

   e. The Tribunal's decision that detainee #550 is properly classified as an enemy combatant was unanimous.

2. The proceedings and decision of the Tribunal are legally sufficient and no corrective action is required.

3. I recommend that the decision of the Tribunal be approved and the case be considered final.

PETER C. BRADFORD
LT, JAGC, USNR



**HEADQUARTERS, OARDEC FORWARD**
GUANTANAMO BAY, CUBA
APO AE 09360

13 November 2004

MEMORANDUM FOR DIRECTOR, CSRT

FROM: OARDEC FORWARD Commander

SUBJECT: CSRT Record of Proceedings ICO ISN# 550

1. Pursuant to Enclosure (1), paragraph (I)(5) of the *Implementation of Combatant Status Review Tribunal Procedures for Enemy Combatants Detained at Guantanamo Bay Naval Base, Cuba* dated 29 July 2004, I am forwarding the Combatant Status Review Tribunal Decision Report for the above mentioned ISN for review and action.

2. If there are any questions regarding this package, point of contact on this matter is the undersigned at DSN ███.

CHARLES E. JAMISON
CAPT, USN

~~SECRET//NOFORN//X1~~

### (U) Combatant Status Review Tribunal Decision Report Cover Sheet

(U) This Document is UNCLASSIFIED Upon Removal of Enclosures (2) and (4).

(U) TRIBUNAL PANEL: __#13__

(U) ISN#: __550__

Ref: (a) (U) Convening Order for Tribunal #13 of 04 Oct 2004 (U)
      (b) (U) CSRT Implementation Directive of 29 July 2004 (U)
      (c) (U) DEPSECDEF Memo of 7 July 2004 (U)

Encl: (1) (U) Unclassified Summary of Basis for Tribunal Decision (U/~~FOUO~~)
      (2) (U) Classified Summary of Basis for Tribunal Decision (S/NF)
      (3) (U) Summary of Detainee/Witness Testimony (U/~~FOUO~~)—None
      (4) (U) Copies of Documentary Evidence Presented (S/NF)
      (5) (U) Personal Representative's Record Review (U/~~FOUO~~)

1. (U) This Tribunal was convened 26 October 2004 by references (a) and (b) to make a determination as to whether the detainee meets the criteria to be designated as an enemy combatant as defined in reference (c).

2. (U) On 26 October 2004 the Tribunal determined, by a preponderance of the evidence, that Detainee #550 is properly designated as an enemy combatant as defined in reference (c).

3. (U) In particular, the Tribunal finds that this detainee is a member of, or affiliated with, al Qaida and Taliban, as more fully discussed in the enclosures.

4. (U) Enclosure (1) provides an unclassified account of the basis for the Tribunal's decision. A detailed account of the evidence considered by the Tribunal and its findings of fact are contained in enclosures (1) and (2).



Colonel, U.S. Army
Tribunal President

DERV FM: Multiple Sources    ~~SECRET//NOFORN//X1~~
DECLASS: X1

UNCLASSIFIED//~~FOUO~~

# UNCLASSIFIED SUMMARY OF BASIS FOR TRIBUNAL DECISION

(Enclosure (1) to Combatant Status Review Tribunal Decision Report)

TRIBUNAL PANEL: #13
ISN #: 550

## 1. Introduction

As the Combatant Status Review Tribunal (CSRT) Decision Report indicates, the Tribunal has determined that this Detainee is properly classified as an enemy combatant and is a member of, or affiliated with al Qaida, and was part of or supporting the Taliban. In reaching its conclusions, the Tribunal considered both classified and unclassified information. The following is an account of the unclassified evidence considered by the Tribunal and other pertinent information. Classified evidence considered by the Tribunal is discussed in Enclosure (2) to the CSRT Decision Report.

## 2. Synopsis of Proceedings

The unclassified evidence presented to the Tribunal by the Recorder indicated that the Detainee was a member of al Qaida. The Detainee is a Yemen citizen who was recruited to travel to Afghanistan for Jihad readiness military training. The Detainee was financed by a facilitator to travel from Sana'a, Yemen, to Dubai, United Arab Emirates, to Karachi, Pakistan, and finally to the [redacted] training camp in Afghanistan. The facilitator was also a trainer at [redacted]. The Detainee arrived at [redacted] Training Camp in July 2001. Training began in August and included operation and maintenance of the AK-47 assault rifle, the PK machine gun, rocket-propelled grenade launcher, tactics, geography and map symbols. The Detainee participated in hostilities against the United States and its coalition partners. The Detainee sustained multiple injuries as a result of the United States bombings in the Tora Bora Mountains. The Detainee was taken to Jalalabad, Afghanistan, for medical care where United States Forces detained him. The Detainee chose not to participate in the Tribunal process, however he provided responses to the statements about him contained in the unclassified evidence to the Personal Representative. The Personal Representative reduced these responses to writing and submitted them as Exhibit D-b. The Detainee called neither witnesses nor requested the production of documents.

## 3. Evidence Considered by the Tribunal

The Tribunal considered the following evidence in reaching its conclusions:

    a. Exhibits: D-a through D-b and R-1 through R-18.

    b. Testimony of the following persons: none.

UNCLASSIFIED//~~FOUO~~

ISN #550
Enclosure (1)
Page 1 of 3

    c. Unsworn written statement of the Detainee.

### 4. Rulings by the Tribunal on Detainee Requests for Evidence or Witnesses

The Detainee requested neither witnesses nor the production of documents and as such the Tribunal President did not make any rulings regarding evidence

### 5. Discussion of Unclassified Evidence

The Tribunal considered the following unclassified evidence in making its determinations:

    a. The recorder offered Exhibits R-1 and R-2 into evidence during the unclassified portion of the proceeding. Exhibit R-1 is the Unclassified Summary of Evidence. While this summary is helpful in that it provides a broad outline of what the Tribunal can expect to see, it is not persuasive in that it provides conclusory statements without supporting unclassified evidence. Exhibit R-2 provided no usable evidence. Accordingly, the Tribunal had to look to classified exhibits for support of the Unclassified Summary of Evidence.

    b. Essentially the only unclassified evidence the Tribunal had to consider was the Detainee's unsworn written statement as presented by the Personal Representative from his interview with the Detainee. The Personal Representative summary of his interview with the Detainee is attached as Exhibit D-b. In sum, the Detainee stated that he was not aware that ▬▬▬▬ was associated with al Qaida and that he never fired upon US forces or their allies. The Detainee stated that he did train on the Kalashnikov and the rocket-propelled grenade launcher, but did not train in tactics or map reading; that he was recruited in Yemen so he could go to Afghanistan to be a teacher, but he did train at the camp because that's what was expected.

The Tribunal also relied on certain classified evidence in reaching its decision. A discussion of the classified evidence is found in Enclosure (2) to the Combatant Status Review Tribunal Decision Report.

### 6. Consultations with the CSRT Legal Advisor

No issues arose during the course of this hearing that required consultation with the CSRT legal advisor.

### 7. Conclusions of the Tribunal

Upon careful review of all the evidence presented in this matter, the Tribunal makes the following determinations:

    a. The Detainee was mentally and physically capable of participating in the proceeding. No medical or mental health evaluation was deemed necessary.

    b. The Detainee understood the Tribunal proceedings. Although he did not actively participate, there was reason to believe he did understand the nature of the proceedings in that he provided his statements to the Personal Representative for inclusion in the record.

    c. The Detainee is properly classified as an enemy combatant and is a member of, or affiliated with, al Qaida and was part of or supporting the Taliban.

**8. Dissenting Tribunal Member's report**

None. The Tribunal reached a unanimous decision.

Respectfully submitted,

Colonel, U.S. Army
Tribunal President

# DETAINEE ELECTION FORM

Date: 24 Oct 2004
Start Time: 0914
End Time: 1010

ISN#: 550

**Personal Representative:** ▮▮▮▮▮▮▮▮▮▮ MAJOR, USAF
(Name/Rank)

Translator Required? YES        Language? ARABIC

CSRT Procedure Read to Detainee or Written Copy Read by Detainee? YES

**Detainee Election:**

☐ Wants to Participate in Tribunal

☒ Affirmatively Declines to Participate in Tribunal

☐ Uncooperative or Unresponsive

**Personal Representative Comments:**

Detainee does not want to personally attend tribunal.
Detainee does not want to submit a written statement.
Detainee does want the personal representative to make an oral statement to the tribunal regarding the unclassified summary.

Personal Representative: ▮▮▮▮▮▮▮▮▮▮

Exhibit D-a

UNCLASSIFIED

## Combatant Status Review Board

TO: Personal Representative

FROM: OIC, CSRT (14 October 2004)

Subject: Summary of Evidence for Combatant Status Review Tribunal - ZAID, Walid Said Bin Said

1. Under the provisions of the Secretary of the Navy Memorandum, dated 29 July 2004, *Implementation of Combatant Status Review Tribunal Procedures for Enemy Combatants Detained at Guantanamo Bay Naval Base Cuba*, a Tribunal has been appointed to review the detainee's designation as an enemy combatant.

2. An enemy combatant has been defined as "an individual who was part of or supporting the Taliban or al Qaida forces, or associated forces that are engaged in hostilities against the United States or its coalition partners. This includes any person who committed a belligerent act or has directly supported hostilities in aid of enemy armed forces."

3. The United States Government has previously determined that the detainee is an enemy combatant. This determination is based on information possessed by the United States that indicates the detainee was a member of al Qaida and participated in military operations against the United States and its coalition partners.

   a. The detainee was member of al Qaida:

      1. The detainee is a Yemen citizen who was recruited to travel to Afghanistan for Jihad readiness military training.

      2. The detainee was financed by a facilitator to travel from Sana'a, Yemen, to Dubai, United Arab Emirates, to Karachi, Pakistan, and finally to the ▓▓▓▓ training camp in Afghanistan.

      3. The facilitator was also a trainer at ▓▓▓▓

      4. The detainee arrived at ▓▓▓▓ Training Camp in July 2001. Training began in August and included operation and maintenance of the AK-47 assault rifle, the PK machine gun, rocket propelled grenade launcher, tactics, geography and map symbols.

   b. The detainee participated in hostilities against the United States and its coalition partners:

      1. The detainee sustained multiple injuries as a result of the United States bombings in the Tora Bora Mountains.

      2. The detainee was taken to Jalalabad, Afghanistan, for medical care where United States Forces detained him.

4. The detainee has the opportunity to contest his designation as an enemy combatant. The Tribunal will endeavor to arrange for the presence of any reasonably available witnesses or evidence that the detainee desires to call or introduce to prove that he is not an enemy combatant. The Tribunal President will determine the reasonable availability of evidence or witnesses.

UNCLASSIFIED

Page ___/___ of ___/___

Exhibit _R-1_

# Memorandum



To : Department of Defense        Date 10/13/2004
    Office of Administrative Review
    for Detained Enemy Combatants
    Col. David Taylor, OIC, CSRT

From : FBI GTMO
    Counterterrorism Division
    Asst. Gen. Counsel ▮▮▮▮▮

Subject : REQUEST FOR REDACTION OF
    NATIONAL SECURITY INFORMATION
    ▮▮▮▮▮▮▮▮

   Pursuant to the Secretary of the Navy Order of 29 July 2004, Implementation of Combatant Review Tribunal Procedures for Enemy Combatants Detained at Guantanamo Bay Naval Base, Cuba, Section D, paragraph 2, the FBI requests redaction of the information herein marked[1]. The FBI makes this request on the basis that said information relates to the national security of the United States[2]. Inappropriate dissemination of said information could damage the national security of the United States and compromise ongoing FBI investigations.

   CERTIFICATION THAT REDACTED INFORMATION DOES NOT SUPPORT A DETERMINATION THAT THE DETAINEE IS NOT AN ENEMY COMBATANT

   The FBI certifies the aforementioned redaction contains no information that would support a determination that the detainee is not an enemy combatant.

   The following documents relative to ISN 550 have been redacted by the FBI and provided to the OARDEC:

FD-302 dated 05/19/2002

---

   [1] Redactions are blackened out on the OARDEC provided FBI document.

   [2] See Executive Order 12958

UNCLASSIFIED

Page  1  of  2                    Exhibit R-2

UNCLASSIFIED

Memorandum from ███████ to Col. David Taylor
Re: REQUEST FOR REDACTION, 10/13/2004

    If you need additional assistance, please contact Asst. Gen. Counsel ███████████████████████████ or Intelligence Analyst ███████████████ Intelligence Analyst ████████████████████████.

Page 2 of -2-

UNCLASSIFIED

Name: ZAID, Walid Said Bin Said (550)

Interview conducted 24 October 2004

Comments regarding allegations in the unclassified summary:

3.a.1: I did not leave Yemen to participate in Jihad. I did not want to participate in Jihad. I did leave Yemen for AF. Why? I did not have a job in Yemen. The recruiter promised me a job in AF as an Arabic teacher.

3.a.2: This is true. You have to be trained in weapons. Everybody does this.

3.a.3: I never saw the facilitator in AF. I only saw him in Yemen. I did not know the facilitator was a military trainer when we spoke in Yemen.

3.a.4: The first part of this is true. I did receive training with the weapons. I also learned to dig ditches and put up tents. I did not receive any training in tactics, geography or map reading.

3.b.1: This is true. Jalalabad was bombarded and we fled to the nearby mountains, which were the Tora Bora mountains. Then we were bombarded there.

3.b.2: This is true.

I never fired weapons at US or ally soldiers. I did train to fire weapons in case of fighting against the Northern Alliance if I had to, not against US or ally forces.


As given to Personal Representative on 24 October 2004.

EXHIBIT D-6

UNCLASSIFIED//FOUO

## Personal Representative Review of the Record of Proceedings

I acknowledge that on 25 October 2004 I was provided the opportunity to review the record of proceedings for the Combatant Status Review Tribunal involving ISN #550.

✓ I have no comments.

___ My comments are attached.

███████████ USAF        27 OCT 2004
Name                    Date

███████████
Signature

ISN #550
Enclosure (5)

UNCLASSIFIED//FOUO