UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **WALEED SAID BN SAID ZAID,**<br>　Petitioner,<br><br>　　　　v.<br><br>**GEORGE W. BUSH, et al.,**<br>　Respondents. | Civil Action No.  05-1646 (JDB) |

### ORDER

Petitioner has filed a motion to compel compliance with this Court's Case Management Order. He argues that respondents have not complied with section I.E.1(2) of the Case Management Order, which requires production of "all statements, in whatever form, made or adopted by the petitioner that the government relies on to justify detention." See [96] Zaid Case Management Order (Dec. 22, 2008) at § I.E.1(2). Respondents reply that they have complied with the Case Management Order by virtue of the attachments to the Factual Return they have filed in this case. The phrase "in whatever form," respondents argue, means that they are only required to produce petitioner's statements in the form appended to the Factual Return because that is the only form of the statement that the government relies on to justify detention. Moreover, respondents contend that to require all forms of a statement on which the government relies would impose an unbearable burden on the government.[1]

First, the Court rejects respondents' argument that they have already complied with section I.E.1(2) of the Case Management Order. The phrase "in whatever form" is plainly meant

---

[1] The Court is aware of President Obama's January 22, 2009 Executive Order and has determined that it does not impact petitioner's motion to compel compliance.

to expand respondents' obligation, not to cabin it. As written, section I.E.1(2) requires that if respondents rely on one of petitioner's statements to justify detention, then they must produce <u>all forms of that statement</u>. Producing only statements in the particular form that the government has chosen to use is contrary to the plain language of section I.E.1(2) and defies common sense. Therefore, respondents have not complied with the Case Management Order by producing only that which was already appended to the Factual Return.

      Second, the Court cannot take seriously respondents' insistence that the process of merely <u>identifying</u> whether recordings, transcripts, or other versions of petitioner's statements exist is "truly breathtaking in scope." It strains credulity to believe that the government, after several years of litigation, does not have electronic or other consolidated records pertaining to each Guantanamo detainee. Without revealing the true facts, suffice it to say that respondents' claim of burden would be even more dubious if petitioner made all or most of his statements in the controlled confines of the Guantanamo Bay detention facility rather than at a detention facility in a theater of war or some other unknown location. Nonetheless, respondents claim that the process of identifying whether other versions of petitioner's statements exist would require manual searches of boxes of paper files housed at far-flung storage facilities. Respondents argue that this burden is so onerous as to endanger national security.

      Even if the Court agreed that the burden of identifying what exists is oppressive -- which it does not -- the Supreme Court's mandate in <u>Boumediene v. Bush</u> is unmistakable: the district court must promptly provide meaningful habeas corpus hearings for detainees held at Guantanamo Bay. <u>See</u> 128 S.Ct. 2229, 2267, 2275 (2008). The Supreme Court was aware that its decision posed some practical obstacles, <u>see id.</u> at 2255-56, 2275, but it extended habeas to

detainees at Guantanamo anyway. Now, respondents again insist that they cannot provide what is required by the Case Management Order because the practical obstacles are too great. Respondents will simply have to overcome those obstacles if this Court is to provide petitioner with a "meaningful opportunity to demonstrate that he is being held pursuant to the erroneous application or interpretation of law," as Boumediene requires, see id. at 2267. A petitioner may assert that he never said what the government claims he did or that he only said what he did because he was coerced. A petitioner making a colorable claim to that effect cannot be denied the best evidence of what he said and the circumstances under which he said it merely because the government -- which has sole possession of that evidence -- thinks that it is too burdensome to locate it. As a first step in this process of basic fairness, then, the government must identify what potentially relevant materials exist.

For these reasons, it is again hereby **ORDERED** that respondents shall inform the Court, now by not later than 5:00 p.m. on February 4, 2009, whether respondents possess any of the following materials with regard to the "statements" of petitioner that they have produced:

1. Audio recordings of statements made by petitioner;

2. Video recordings of statements made by petitioner;

3. Transcripts of statements made by petitioner;

4. Contemporaneous notes taken during any interrogation of petitioner; or

5. Records or reports of petitioner's statements made by persons other than the persons who prepared the summaries of petitioner's statements already produced.

Respondents have often replied to this Court's orders with eleventh-hour requests for enlargements of time or explanations why compliance is impossible or ill-advised. Respondents

-4-

should not expect a sympathetic reception from the Court should they invoke that approach once again.

      **SO ORDERED.**

/s/
JOHN D. BATES
United States District Judge

Date: January 22, 2009