## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

WALEED SAID BN SAID ZAID,

      Petitioner,

      v.

BARACK H. OBAMA, et al.,

      Respondents.

Civil Action No.  05-1646 (JDB)

### <u>ORDER</u>

Petitioner seeks leave to depose Robert M. Gates, the Secretary of the Department of Defense, or his designee pursuant to Federal Rule of Civil Procedure 30(b)(6).  Petitioner argues that respondents are in no position to represent to this Court, as they have, that respondents do not posses any recordings of petitioner's statements that they rely upon to justify detention. Petitioner reasons that respondents have not produced information about the circumstances of each interrogation, as they are required to under the Case Management Order ("CMO"), and he infers that respondents do not know which "interrogations" match up with which "statements." Moreover, petitioner raises a spoliation issue.  Petitioner cites to press articles, a report produced by Seton Hall University, and a declaration from a different Guantanamo detainee to support his argument that interrogations were routinely recorded.  Petitioner reasons that if interrogations were recorded but recordings of his interrogations do not now exist, then those recordings must have been destroyed, perhaps in violation of a court order.  Respondents rebut petitioner's factual

assertions with declarations explaining that interrogations were routinely monitored by video but only rarely recorded.  <u>See</u> Declarations of Paul B. Rester & Jeffrey Davies (attached to Respondents' Opp'n at Exhibits A & B).  Moreover, respondents argue that a deposition under the Federal Rules of Civil Procedure is inappropriate in this habeas case and that the deposition falls well outside the scope of the CMO.

Although petitioner raises valid concerns -- which respondents only partially address in their declarations -- he is not entitled to depose the Secretary of Defense or his designee about interrogation policies.  Petitioner has not alleged that <u>his</u> interrogations were videotaped; he relies on a declaration from another detainee claiming <u>that detainee's</u> interrogations at Guantanamo were videotaped.  Without some sort of showing that a deposition -- which is beyond the scope of discovery contemplated in the CMO -- would substantially help <u>this case</u>, the Court will not grant such an open-ended, potentially burdensome request.  Such a request might be warranted had petitioner made a strong showing that one of <u>his</u> interrogations was in fact recorded.  Moreover, this Court has addressed some of petitioner's concerns in its March 2, 2009 order resolving petitioner's motion to compel compliance with section I.E.1(3) of the CMO. In that order, the Court required respondents to search for additional information and warned that it anticipated that it would not allow respondents at a later stage to introduce new evidence within the section I.E.1(3) request in an effort to rebut petitioner's factual assertions.

Hence, the Court need not, at this stage, address the factual assertions raised in petitioner's motion.  Petitioner has not made a showing that the requested deposition "is likely to produce evidence that is exculpatory or that will demonstrate that the petitioner is not an enemy combatant."  <u>See</u> CMO § I.E.2.  Accordingly, petitioner's motion for leave to depose Secretary

Gates or his designee is **DENIED**.

        **SO ORDERED**.


                                       /s/
                                JOHN D. BATES
                         United States District Judge

Date:     March 24, 2009