**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

**WALEED SAID BN SAID ZAID,**

      **Petitioner,**


      **v.**


**BARACK H. OBAMA, et al.,**

      **Respondents.**

Civil Action No.  05-1646 (JDB)

---

## ORDER

Before the Court are petitioner's motions to compel compliance with § I.D of the Case

Management Order in this case and for an order requiring respondents to show cause regarding

the use of information designated as "protected."  The motions are fully briefed and were

addressed at a status conference before the Court on May 7, 2009.

### I.  Motion to Compel Compliance with § I.D of the CMO

Section I.D of the CMO requires respondents to produce exculpatory evidence as follows:

> The government shall disclose to the petitioner all reasonably
> available evidence in its possession that tends materially to
> undermine the information presented to support the government's
> justification for detaining the petitioner.  In this context, the
> term "reasonably available evidence" means evidence contained in any
> information reviewed by any attorney preparing factual returns for
> any detainee; it is not limited to evidence discovered by the
> attorneys preparing the factual return for the petitioner.  The term
> also includes any other evidence the government discovers while
> litigating habeas corpus petitions filed by detainees at Guantanamo
> Bay.

Petitioner argues that "reasonably available evidence" should be interpreted to include materials

gathered pursuant to Executive Order No. 13,492, 74 Fed. Reg. 4897 (Jan. 27, 2009), which

required the Attorney General to assemble "all information in the possession of the Federal Government that pertains to any individual currently detained at Guantanamo and that is relevant to determining the proper disposition of any such individual."  Petitioner also contends that "reasonably available evidence" should be interpreted to include certain evidence available to counsel representing detainees at military commission proceedings.  Finally, petitioner seeks to compel the production of "negative responses to interrogators' efforts to place [petitioner] at Tora Bora."  Pet'r's Am. Mot. to Compel at 5.[1]

The Court will not, at this time, construe "reasonably available evidence" to include information gathered pursuant to Executive Order 13,492.  Respondents have filed a separate motion seeking to establish how information gathered pursuant to the Executive Order may be used in these Guantanamo habeas proceedings.  See Resps.' Mot. for Order Regarding Task Force Discovery, May 12, 2009 (dkt. ent. # 221).  Briefing and argument on this motion have been consolidated before Judge Hogan and a hearing is currently scheduled for June 8, 2009.  A ruling by this Court on this issue would be premature.  Accordingly, the Court will defer ruling on this aspect of petitioner's motion.

The next question is whether "reasonably available evidence" under § I.D should be construed to include information accessible through use of a tool known as "IntelLink."  Petitioner avers that IntelLink is available to counsel representing Guantanamo detainees in military commission proceedings.  See Pet'r's Am. Mot. to Compel at 3-4.  According to

---

[1] Petitioner also seeks production of exculpatory evidence that has been withheld on the basis that it is cumulative.  Respondents recognize that the CMO does not contain an exception for "cumulativeness" and represent that they are producing exculpatory evidence even if it is cumulative.  Resps.' Opp. to Pet'r's Am. Mot. to Compel at 11 n.10.  The parties appear to have resolved this dispute, and hence the Court will not address this issue further here.

petitioner, searches using IntelLink have yielded exculpatory evidence that cannot be obtained through searches of OARDEC or JTF-GTMO materials.[2]  Respondents explain that IntelLink is a tool used to search the Secret Internet Protocol Router Network ("SIPRNET").  Resps.' Opp. to Pet'r's Am. Mot. to Compel at 7-8.  SIPRNET hosts several intelligence databases, one of which (the Joint Detainee Information Management System) was searched to compile JTF-GTMO materials.  Although SIPRNET and IntelLink have a web-based interface, respondents maintain that SIPRNET cannot be searched like a conventional internet search engine.  Rather, access has to be granted to search each database within SIPRNET and hence "[i]n many instances . . . several separate searches would be necessary."  See Declaration of James C. King II, Mar. 12, 2009, at 2.  Thus, respondents conclude, SIPRNET (as made available through IntelLink) is not "reasonably available" for purposes of § I.D of the CMO.

Respondents' interpretation of § I.D is too narrow.  That respondents would be required to conduct "several" IntelLink searches to plumb SIPRNET for exculpatory evidence does not mean that such evidence is not "reasonably available."  Respondents appear to misinterpret § I.D to require the production of "easily available," not "reasonably available," exculpatory evidence.  Moreover, respondents do not provide any rationale why military commission defense counsel should receive access to resources -- and, correspondingly, exculpatory evidence -- to which habeas counsel do not have access.  Accordingly, to the extent petitioner's motion seeks to require respondents to search SIPRNET for exculpatory evidence pursuant to § I.D, petitioner's

---

[2] The Court previously interpreted the "automatic discovery" provisions of the CMO (i.e., discovery available under § I.E.1) to require searches of only the "consolidated assemblages of information" created by the Joint Intelligence Group ("JIG") of the Joint Task Force-Guantanamo ("JTF-GTMO") and the Office for the Administrative Review of the Detention of Enemy Combatants ("OARDEC").  See Feb. 9, 2009 Order at 3-4 (dkt. ent. # 146).

motion is **GRANTED**.

Finally, petitioner requests that respondents produce "records of any negative responses to interrogators' efforts to place [petitioner] at Tora Bora."  Pet'r's Am. Mot. to Compel at 5. Respondents argue that "[t]he information Petitioner requests is simply not exculpatory, and Petitioner has made no attempt to explain how or why any responsive evidence would be." Resps.' Opp. to Pet'r's Am. Mot. to Compel at 10.  But several kinds of "negative responses" would plainly fall within the scope of § I.D because respondents justify petitioner's detention, in part, on the assertion that he was present in the Tora Bora region of Afghanistan before his capture.  For example, if other detainees were asked whether petitioner was present at Tora Bora and responded that he was not, and if records of such negative responses are reasonably available to respondents, then such records "tend[] materially to undermine the information presented to support the government's justification for detaining the petitioner."  See CMO § I.D.  Similarly, if other detainees were shown photograph arrays that included petitioner and were asked to identify which individuals were at Tora Bora, and if petitioner then was not positively identified, the records of such a response (if reasonably available) would fall within the scope of § I.D.

But to the extent petitioner seeks to use § I.D to compel production of evidence unlike the examples above,[3] or to the extent petitioner seeks to require searches beyond what the Court has construed as "reasonably available," his request falls outside of the scope of § I.D.  Requests for additional discovery are governed by the four-part standard set forth in § I.E.2 -- a standard petitioner does not attempt to meet here -- and in any event the date for discovery requests under

---

[3] The Court, of course, is unaware of what records respondents have in their possession. These examples are intended to be illustrative only.

§ I.E.2 has long since passed.

## II.  Motion for Order Concerning Use of "Protected" Information

Petitioner seeks an order requiring respondents to show cause why a certain methodology discussing declassified information with non-resident third parties is not workable.  Pet'r's Mot. for Order at 5-6.  In their opposition, respondents note that they intended to "produce declassified public versions [of petitioner's statements] on or before May 14, 2009, that will be available to petitioner to use with third-party and expert witnesses who are outside the United States."  Resps.' Opp. to Pet'r's Mot. for Order at 8.  Thus, it appears that the parties have resolved this issue.  Accordingly, it is hereby **ORDERED** that the parties submit a joint status report -- by not later than June 3, 2009 -- informing the Court whether this motion may be denied as moot.

**SO ORDERED**.

_____/s/_____
JOHN D. BATES
United States District Judge

Date:  _____May 27, 2009_____