FILED WITH THE
COURT SECURITY OFFICER
CSO: C.Martin
DATE: 6/14/09

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

WALEED SAID BN SAID ZAID,

Petitioner,

v.

BARACK H. OBAMA, et al.,

Respondents.

Civil Action No. 05-1646 (JDB)

## ORDER

Before the Court is petitioner's renewed request for discovery under § I.E.2 of the CMO.

Petitioner previously made the following document request:

> If and to the extent any interrogator . . . worked without a translator, documents sufficient to identify that interrogator and documents describing the relevant qualifications and translation experience of the interrogator at that time.

On March 24, 2009, the Court denied the request without prejudice, noting that

> petitioner does not identify interrogations that may have been conducted without an independent translator. If petitioner can point to specific statements as to which there is some evidence to suggest that an independent translator was not present, then this request may be sufficiently narrow to warrant further consideration.

On May 6, 2009, petitioner renewed his request for discovery. He avers that "he was interrogated roughly fifteen times over the course of approximately a month" while detained at Kandahar, Afghanistan. See Declaration of ▬ at ¶ 51 (attached to petitioner's traverse as Exhibit 1). Of those fifteen interrogations, eleven were conducted by a particular interrogator without the aid of an interpreter. See Attorney Notes of ▬ (attached to petitioner's reply brief as Exhibit A); Attorney Notes of ▬ (attached to petitioner's reply brief as Exhibit

███████████████████████

B). Petitioner asserts that information from these eleven interrogations is contained in at least two intelligence reports relied upon by respondents to justify petitioner's detention. Respondents counter that petitioner has neither pointed to "specific statements" nor provided "some evidence" to justify discovery under § I.E.2. They contend that petitioner's request is vague and non-specific. Moreover, they argue, the "some evidence" standard is not met because petitioner provides only his self-serving recollection of the interrogations. Because the intelligence reports are more detailed -- and hence, respondents argue, more reliable -- than the representations recently made by petitioner to his counsel, the recent representations should be given little weight.

In the particular circumstances of this case, respondents' arguments are not persuasive. In determining whether petitioner's showing is sufficiently specific, the Court cannot expect petitioner to have taken and retained detailed records of interrogations that took place more than seven years ago in Kandahar. His recollection that roughly fifteen interrogations took place over the course of a month, and that eleven interrogations were conducted by a specific interrogator without an interpreter present, is adequate to meet the standard the Court set forth in its March 24 Order. To be sure, the evidence petitioner provides is his own recollection, which in other contexts might be discounted as self-serving. But here, refusing to give weight to petitioner's recollection would beg the question: aside from his own recollection, how else could petitioner identify instances where he was interrogated without an interpreter present? Moreover, the discovery petitioner seeks is not extensive. He seeks the identity and qualifications of a single translator who interrogated him approximately eleven times at a single place over a one-month

-2-

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

time period.

Accordingly, petitioner's motion is hereby **GRANTED**. Respondents shall produce -- by not later than July 8, 2009 -- documents sufficient to identify the interrogator specified by petitioner in his motions, as well as documents that describe the interrogator's qualifications and translation experience.

**SO ORDERED.**

/s/
JOHN D. BATES
United States District Judge

Date: __June 19, 2009__

-3-